UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GLENN ALLEN NORTON, #948235,

              Petitioner,

                                          Case Number 18-CV-10860
v.                                       Honorable Thomas L. Ludington

THOMAS WINN,

              Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Glenn Allen

Norton ("Petitioner") was convicted of three counts of first-degree criminal sexual conduct (victim

under 13) ("CSC 1"), MCL § 750.520b(2)(b), and three counts of second-degree criminal sexual

conduct ("CSC 2"), MCL § 750.520c(2)(b), following a jury trial in the Oakland County Circuit

Court. He was sentenced to concurrent terms of 25 to 80 years imprisonment on each of the CSC

1 convictions to be served consecutively to concurrent terms of 5 years 11 months to 15 years

imprisonment on each of the CSC 2 convictions in 2014. In his pleadings, Petitioner raises claims

concerning the admission of certain police testimony, the effectiveness of trial counsel for failing

to object to that testimony, and the validity of consecutive sentences. For the reasons set forth

herein, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate

of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

**II.**

Petitioner's convictions arise from his sexual assaults upon a boy who was his karate student at a dojo in Hazel Park, Michigan sometime between 2011 to 2013, when the boy was 10 through 12 years old. *See* 9/23/14 Trial Tr., pp. 181-184, ECF No. 6-5 at PageID.398-99. At trial, the victim testified about the inappropriate sexual conduct, which included Petitioner hugging and kissing him, fondling his genitals, and performing oral sex on him. The assaults occurred in the changing room and the office at the dojo and on a camping trip. *Id*. at pp. 191-196, 203-205, 210-217, PageID.403-405, 409-410, 412-416. Another former karate student testified that Petitioner spanked him on his naked buttocks and did athletic cup checks in which he would touch his groin. *See* 9/24/14 Trial Tr., pp. 114-118, ECF 6-6 at PageID.474-476. One of the dojo's owners recalled walking into the changing room on two occasions and seeing Petitioner, the victim, and the victim's younger brother all naked. *Id*. at pp. 76, 89-92, PageID.455, 462-463. The Court further adopts Respondent's detailed statement of the trial testimony to the extent it is consistent with the record. *See* Resp. Answer, pp. 4-22, ECF No. 5 at PageID.166-84.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims of error, including those presented in his habeas petition. The court affirmed Petitioner's convictions, but remanded the case to the trial court to conduct a *Crosby* hearing on his CSC 2 sentences. *People v. Norton*, 2016 WL 1038184, *1-9 (Mich. Ct. App. March 15, 2016). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Norton*, 500 Mich. 933, 889 N.W.2d 494 (2017).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.      The trial court erred in allowing a police officer to testify that he saw Petitioner get an erection during his arraignment.

II.     Trial counsel was ineffective for failing to object to the highly prejudicial testimony listed in Ground 1.

III.    The court erred by imposing consecutive sentences.

Respondent filed an answer to the habeas petition contending that it should be denied because the first claim is procedurally defaulted and all of the claims lack merit.  Petitioner filed a reply.

**III.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 1516 (2003)

3

(per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 123-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker*

*v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).  The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

## IV.

### A.

As an initial matter, Respondent contends that Petitioner's first habeas claim is barred by procedural default. On habeas review, however, federal courts "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  The Supreme Court has explained the rationale behind such a policy:  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  Such is the case here.  The procedural issue is somewhat complex and the substantive claim is more readily decided on the merits.  Accordingly, the Court need not address the procedural default issue and shall proceed to the merits of Petitioner's claims.

**B.**

**1.**

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting testimony from a police detective that Petitioner got an erection during his arraignment when a graphic description of the charges was given.  Respondent contends that, in addition to being procedurally defaulted, this claim is not cognizable and lacks merit.

A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness" may it violate due process and warrant habeas relief.  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)*; see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007))*; McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Estelle*, 502 U.S. at 69-70).

The Michigan Court of Appeals considered this issue on plain error review and denied relief.  The court explained, in relevant part:

> At trial, Detective Piper testified to observing defendant at his arraignment hearing. He described defendant's physical response to the reading of the charges as an obvious erection. Defendant asserts that Detective Piper's characterization of the charges as being "graphic" is a mischaracterization. Although defendant acknowledges that Detective Piper's testimony did not comprise hearsay because it involved nonassertive conduct, *see People v. Davis*, 139 Mich App 811, 813; 363 NW2d 35 (1984) ("'Acts or conduct not intended as assertive are not hearsay and, therefore, they are admissible. It should be noted that nonassertive acts or conduct

7

are not an exception to the hearsay rule-rather, they are not hearsay in the first place.'" (citation omitted)), he contends that the testimony was more prejudicial than probative.

Even if deemed relevant, evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403. Unfair prejudice is determined to exist when there is a possibility that the evidence will be attributed undue or preemptive weight by a jury, or if it would be inequitable to permit use of the evidence. *People v. Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). "'This unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit....'" *People v. McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005) (citations omitted). Assuming arguendo that the testimony had little probative value and was substantially outweighed by undue prejudice, defendant has failed to demonstrate that its admission was outcome determinative. *People v. Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). The victim and two other witnesses provided testimony regarding defendant's inappropriate sexual conduct. Based on this testimony, we do not believe that the jury would have reached a different conclusion if the testimony of Detective Piper had been excluded.

*Norton*, 2016 WL 1038184 at *1.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner asserts that the trial court erred in admitting the detective's testimony under Michigan law, he merely alleges a violation of state law which does not justify federal habeas relief. *See, e.g., Bey*, 500 F.3d at 519. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court on habeas review."); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68.

Second, even assuming that the admission of the disputed testimony was erroneous,

Petitioner fails to establish a constitutional violation warranting habeas relief.  For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 644 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 411-12 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit).  The prosecution in this case presented significant evidence of Petitioner's guilt at trial, including the victim's descriptions of Petitioner's assaultive actions at the dojo and on a camping trip, testimony from another karate student about inappropriate touching, and testimony from one of the karate dojo owners who saw Petitioner with the victim and his brother, all of whom were naked, in the dojo's changing room.  Given such evidence, error in admitting the detective's testimony about Petitioner's erection at his arraignment did not have a substantial or injurious effect or influence on the jury's verdict.  More pointedly, for purposes of habeas review, the Michigan Court of Appeals' decision is reasonable.  Habeas relief is not warranted on this claim.

## 2.

Petitioner relatedly asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the police detective's disputed testimony.  Respondent contends that this claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that

counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. On balance, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and

when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

The Michigan Court of Appeals considered this issue under the *Strickland* standard and denied relief. The court explained, in relevant part:

> Because the evidence was admissible as nonassertive conduct, any objection by defense counsel would have been unavailing. "Trial counsel is not ineffective for failing to advocate a meritless position." *Payne*, 285 Mich App at 191. Second, given the testimony of the victim and other witnesses pertaining to defendant's behavior and sexual conduct, defendant is unable to demonstrate that, "but for counsel's alleged error[ ], the outcome of trial would have been different." *Id*. As a result, his claim of ineffective assistance of counsel fails.

*Norton*, 2016 WL 1038184 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner fails to establish that trial counsel erred in failing to object to the detective's testimony given the Michigan Court of Appeals' determination that the evidence was admissible as nonassertive conduct. Counsel cannot be deemed deficient for failing to make a futile or meritless argument. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 224-25 (6th Cir. 2000). Second, even assuming that trial counsel erred by failing to object to the detective's testimony, Petitioner cannot establish that he was prejudiced by counsel's conduct given the Michigan Court of Appeals' determination, as well as this Court's ruling, that any error in admitting the disputed testimony was harmless. Petitioner thus fails to establish that counsel was ineffective under the *Strickland*

standard.  Habeas relief is not warranted on this claim.

### 3.

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred in imposing consecutive sentences, *i.e.*, in making his concurrent CSC 1 sentences and his concurrent CSC 2 sentences consecutive to each other.  Respondent contends that this claim is not cognizable on habeas review and that it lacks merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentences are within the statutory maximums for his offenses.  *See* MICH. COMP. LAWS §§ 750.520b; 520c.  Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

The Michigan Court of Appeals considered this issue and denied relief.  The court explained, in relevant part:

> "In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v. Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). The purpose of consecutive sentences is to deter people "from committing multiple crimes by removing the security of concurrent sentencing." *Id.* at 408. Under Michigan's CSC–I statute, "The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.520b(3). As explained by the *Ryan* Court:
>
>> The term "same transaction" is not statutorily defined; however, it has developed a unique legal meaning. Accordingly, it is appropriate

> to examine judicial interpretations of the terminology. Two or more separate criminal offenses can occur within the "same transaction." To find otherwise would be nonsensical, as consecutive sentencing provisions such as MCL 750.520b(3), MCL 750.110a(8), and MCL 750.529a(3) would be rendered meaningless. [*Ryan*, 295 Mich App at 402 (citations omitted).]

> Further, the phrase "any other criminal offense" has been found to mean "a different sentencing offense, and offenses, for purposes of sentencing, are always reduced or broken down into individual counts." *Id.* at 405.

> In the circumstances of this case, the victim related acts by defendant that comprised both CSC–I and CSC–II offenses as occurring simultaneously or during the same time of contact. Specifically, the victim asserted that defendant engaged in fondling of his genital area in addition to defendant's engaging in fellatio with the victim. Although this did not occur during every incident of abuse, the victim testified that defendant would engage in various forms of inappropriate contact with the victim simultaneously or that defendant's inappropriate actions would "all happen at once." As such, the trial court's imposition of consecutive sentencing with defendant was consistent with MCL 750.520b(3).

*Norton*, 2016 WL 1038184 at *6-7.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner asserts that his consecutive sentences violate Michigan law, he fails to state a cognizable habeas claim. As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68.

Second, Petitioner fails to establish a violation of his federal constitutional rights. While concurrent sentencing is the norm in Michigan, consecutive sentencing is allowed if specifically authorized by statute. *People v. Chambers*, 421 N.W.2d 903, 905 (Mich. 1988); *People v. Ryan*, 819 N.W.2d 5563-64 (Mich. Ct. App. 2012); *People v. Brown*, 560 N.W.2d 80, 80-81 (Mich. Ct.

App. 1996).  Michigan's CSC 1 statute authorizes consecutive sentences for any other criminal offense arising from the same transaction.  MICH. COMP. LAWS § 750.520b(3).  In this case, the acts that served as the basis for Petitioner's CSC 1 and CSC 2 convictions arose from the same transactions.  Consequently, his consecutive sentences are authorized by state statute and are therefore constitutional.  *See generally Townsend*, 334 U.S. at 741; *see also Lopez-Velasquez v. Palmer*, 2016 WL 7012305, \*5 (E.D. Mich. Dec. 1, 2016) (Goldsmith, J.) (denying habeas relief on similar challenge to consecutive sentencing).  Habeas relief is not warranted on this claim.

## V.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  In this case, Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court denies a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a).  Accordingly, the Court denies Petitioner leave to proceed in forma

pauperis on appeal.  This case is closed.

## VI.

Accordingly, it is **ORDERED** that Petitioner's petition for writ of habeas corpus, ECF No.

1, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is

**DENIED.**

Dated: September 18, 2020                              s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means Glen Allen Norton #948235, SAGINAW CORRECTIONAL FACILITY, 9625 PIERCE ROAD, FREELAND, MI 48623 by first class U.S. mail on September 18, 2020.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager